J-A24028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.L. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| J.L. | |
| Appellant | No. 635 WDA 2017 |

Appeal from the Order Entered April 12, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): FD-12-008382

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED OCTOBER 16, 2017**

S.L. ("Mother") appeals *pro se* from the trial court's order denying her petition for sanctions and/or special relief.  We affirm.

Mother and J.L.[1] ("Father") are the divorced parents of an eight-year-old child ("Child").  The trial court summarized the procedural history as follows:

> Father filed a Complaint in Custody on November 2, 2012. Mother filed a Notice of Proposed Relocation on August 21, 2015, which was followed by Father's Counter-Affidavit Regarding Relocation on September 18, 2015.  A trial was held with an Order being issued on August 22, 2016 to which no appeals were taken.  Mother was awarded legal custody for the purposes of school choice only.  The parties were granted shared legal custody for all remaining matters.  Regarding physical custody, the parties were ordered to follow a 2-2-3 schedule per the status quo.

---

[1] Although he was represented by counsel during the trial court proceedings, Father is also appearing *pro se* on appeal.

The Order also contained a provision which stated, "If Mother chooses Hosack Elementary as the child's school, she shall be responsible for all transportation to and from both residences and the school for morning drop-off and afternoon pick-up. Transportation may be provided by Mother or another responsible licensed driver." This clause stemmed from Mother's decision to move with the child to a different school district while changing the Child's school over Father's objection pending Father's Complaint for Custody. This requirement has also been the subject of numerous Petitions for Contempt, Petitions for Sanctions, Motions to Enforce, and a Custody Modification.

On January 13, 2017, Father filed a Petition for Special Relief and/or Sanctions alleging Mother's failure to abide by the August 23, 2016 Order of Court by refusing to bring the Child for Father's custodial time and failing to provide school transportation. Father's Petition was granted with an expedited contempt hearing scheduled for February 1, 2017.

Following the contempt hearing, an Order was issue[d] on February 1, 2017 finding Mother to be in contempt of the Orders dated August 22, 2016; December 12, 2016; and January 13, 2017. Father was granted legal custody for the purpose of school choice only. Mother was required to pay $750 in counsel fees from the January 13, 2017 Order by February 13, 2017 as well as an additional $750 in counsel fees within 120 days. No appeal was taken to this order.

Trial Court Opinion, 5/12/17, at 1-2.

Thereafter, both parties filed pleadings seeking further relief, which they argued before the trial court on April 12, 2017.[2] Father filed a motion to enforce payment of the $750 counsel fee award that the trial court ordered on January 13, 2017, and the trial court responded by entering an order providing that a contempt hearing be scheduled to address "past and

---

[2] There is no transcribed record of the parties' oral arguments. *See* Trial Court Opinion, 5/12/17, at 1.

potential future monetary sanctions." Mother filed a petition for sanctions and/or special relief in which she requested physical and legal custody, including the Child's re-enrollment in Hosack Elementary School; "acquittal" of the court's prior contempt findings and "fines"; reduction in Father's custodial periods, with Father to be responsible for transportation; re-characterization of the child support hearing from complex to "simple"; and payment by Father of $2,210 in counsel fees, as well as "fines" of $5,000 "due to lack of compromise and harassment" and "costing mother employment." *See* Trial Court Opinion, 5/12/17, at 3-4. The trial court entered an order denying Mother's petition "in full." *Id.*

On April 27, 2017, Mother filed this timely appeal from the order denying her petition for sanctions and/or special relief, along with a petition for custody modification.[3] Mother presents three issues for our review:

1. Whether the lower court erred and abused its discretion by denying Appellant's Petition for Special Relief AND/OR Sanctions in Order dated April 12, 2017, by misapplying and/or ignoring the factors outlined in 23 Pa.C.S.A. § 5328(a), factors to determine the best interest of the child?

2. Whether the trial court's order was final regarding contempt [*sic*] must be reversed because evidence presented in the trial was ignored pursuant to Rule 607, in violation of the United States and Pennsylvania Constitutions?

---

[3] Our review of the trial court docket indicates that no further activity occurred regarding Mother's petition for custody modification while this appeal has been pending. *See* Pa.R.A.P. 1701(a) (trial court is divested of jurisdiction during the pendency of an appeal).

3. Whether the trial court's orders regarding transportation were unfair and unreasonable, resulting in bias and depriving Mother of basic constitutional rights afforded to her under Title 42 1983 of the U.S. Code?

Mother's Brief at 4.

Our consideration of Mother's issues is significantly impaired by Mother's failure to present a cogent and developed argument in her brief. Our Rules of Appellate Procedure require the parties to provide us with pertinent legal authorities that support their claims. *See* Pa.R.A.P. 2119; *Commonwealth v. Heilman*, 867 A.2d 542, 546 (Pa. Super. 2005) (failure to include "such discussion and citation of authorities as are deemed pertinent" may result in waiver); *Commonwealth v. Cornelius*, 856 A.2d 62, 77 (Pa. Super. 2004) (declining to review claim where brief contains limited explanation and development of argument); *see also Coulter v. Ramsden*, 94 A.3d 1080, 1088–89 (Pa. Super.) ("[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant"), *appeal denied*, 110 A.3d 998 (Pa. 2014). Although we understand that Mother is appearing *pro se*, she still is required to comply with the appellate procedures that apply to all litigants. *See Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005). While "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Id.* at 251-52. Likewise, "[w]hen issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to

- 4 -

present specific issues for review[, this] Court will not consider the merits thereof." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996).

Instantly, Mother's argument consists of a one-page restatement of her three issues, and contains no discussion. ***See*** Mother's Brief at 11. Although Mother's summary of the argument, unlike her argument, is in narrative form, it is also undeveloped. ***Id.*** at 10. Mother generally references the "negative impact" of the court's orders, assails the trial court for "distressing child" by changing Child's school and disregarding Mother's inability to provide transportation, and "seeks justice on all issues" from this Court to "prevent . . . further vexatious abuse through the system by father." ***Id.*** Thus, Mother fails to set forth a legal basis for appellate review.

As Mother's statement of her first issue recognizes, our standard of review is to determine whether the trial court abused its discretion in denying Mother's requested relief. We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. ***S.W.D. v. S.A.R.***, 96 A.3d 396, 400 (Pa. Super. 2014) (reviewing trial court's denial of father's petition for special relief that sought to change child's school and modify the custody schedule). Although Mother's brief assails the trial court's "previous rulings" concerning the parties' legal custody, Child's school enrollment, and Mother's responsibility for Child's

transportation, she fails to explain how, under that applicable legal standard, the trial court's decision on April 12, 2017, was an abuse of discretion. ***See*** Mother's Brief at 10-11.

In part, the court's April 12, 2017 decision was governed by its prior orders, which were never appealed by Mother and therefore form the governing law of this case. First, the trial court awarded Mother legal custody for school choice purposes on August 22, 2016, and ordered at that time that if Mother enrolled Child at Hosack Elementary School, she would be "responsible for all transportation to and from both residences and the school for morning drop-off and afternoon pick-up." Trial Court Opinion, 5/12/17, at 2. Mother never appealed the August 22, 2016 order, and the deadline for such an appeal has long passed. On February 1, 2017, the trial court found Mother in contempt of the August 22, 2016 order, as well as orders dated December 12, 2016, and January 13, 2017. Based on those findings, the court transferred legal custody for the purpose of school choice to Father and ordered Mother to pay $750 in counsel fees for violating the court's order, plus an additional $750 in counsel fees for the expense of the contempt hearing. Mother did not appeal the February 1, 2017 order, and, once again, the time for her to appeal passed.

With this backdrop, the trial court explained:

> [Mother's challenge to an earlier determination finding her in contempt] was denied on the basis that Mother waived her right to appeal after 30 days passed from the entry of the February 1, 2017 Order. Pa.R.A.P. 341.

[Mother's request that Father be "fully" responsible for transportation and have "reduced" transportation] was denied given Mother's Petition for Modification of the Custody Order that has been entered in this case. No additional grounds were raised by Mother to warrant a change of custody in motions court. . . .

[T]his Court finds no basis upon which sanctions could be sought against Father.

Trial Court Opinion, 5/12/17, 4-5.

On this record, we cannot find that the trial court abused its discretion or disturb the trial court's April 12, 2017 order denying Mother's petition for sanctions and/or special relief. We therefore affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/16/2017</u>

- 7 -